**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52845**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 7, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID CLAYTON MOODY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Mark T. Monson, District Judge.

Judgment of conviction and determinate sentence of three years for possession of a controlled substance, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

David Clayton Moody pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1).  In exchange for his guilty plea, an additional charge that he was a persistent violator was dismissed.  The district court imposed a determinate sentence of three years to run concurrently with Moody's sentence in Washington state.  Moody filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied.  Moody appeals asserting that the district court abused its discretion by denying this I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See*

1

*State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Moody's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Moody's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Moody's judgment of conviction and sentence, and the district court's order denying Moody's Rule 35 motion, are affirmed.